IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ELIZABETH CASTERLINE | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civ. Action No. 08-0848 |
| THE WASHINGTON HOSPITAL, | ) |
| ADMINISTRATOR FOR THE | ) Judge Nora Barry Fischer |
| RETIREMENT PLAN FOR THE | ) |
| EMPLOYEES OF WASHINGTON | ) |
| HOSPITAL, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

**I. INTRODUCTION**

Before this Court is Defendant's Motion to Dismiss [6] for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), filed August 18, 2008. The Plaintiff, Elizabeth Casterline ("Casterline"), brought this action against Defendant The Washington Hospital ("Washington Hospital" or "Hospital") alleging a violation of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 et seq., and state law breach of contract and fraudulent misrepresentation claims. Defendant moves to dismiss Count II of the Complaint (breach of contract and fraudulent misrepresentation) on the grounds that the claims are preempted by Section 514(a) of ERISA, 29 U.S.C. § 1144(a). For the following reasons, this Court **GRANTS** the Motion.

## II. FACTUAL BACKGROUND

Plaintiff brought this action against Washington Hospital alleging a violation of ERISA, specifically 29 U.S.C. § 1132(a)(1)(B), and state law claims for breach of contract and fraudulent misrepresentation.[1] Casterline is seeking payment of disability retirement benefits and punitive damages arising from the Hospital's denial of her claim for disability retirement benefits, which she claims was denied as a result of the Defendant's fraudulent misrepresentations concerning her date of resignation. (Docket No. 10 at 1).

Casterline began working for Washington Hospital on January 13, 1979 and participated in the Hospital's Retirement Plan throughout her employment. (Docket No. 1 at 2). Casterline was injured in the course of her employment on December 19, 2001, and continued to work for the hospital in a light duty capacity, with periods of total and partial disability due to her injury. (Docket No. 1 at 2). On June 20, 2007, Casterline applied for disability retirement benefits under Article IV, paragraph 4.05 of the Hospital's Retirement Plan, claiming she met the criteria for being totally and permanently disabled under Article II, paragraph 2.43. (Docket No. 1 at 2). The Hospital denied Casterline's claim for disability retirement benefits on July 30, 2007, and Casterline appealed the decision on August 1, 2007. (Docket No. 1 at 2-3).

At issue is Plaintiff's date of resignation. Casterline claims that as part of the settlement of a Workers' Compensation claim, a Compromise and Release Agreement (the "Settlement Agreement") was signed by the parties stating that the agreed upon date of voluntary resignation was

---

[1] There is no dispute that the Retirement Plan at issue is governed by ERISA. (Docket Nos. 1, 7).

July 21, 2005, the date the Settlement Agreement was signed.[2] (Docket No. 1 at 3). The Hospital argues that Casterline interpreted the Agreement incorrectly, and that for purposes of the Retirement Plan, the termination date is the employee's last day actually worked, not the date through which the employee is paid or takes unused vacation time. (Docket No. 7 at 2). The Defendant contends that for purposes of the Retirement Plan, Casterline was considered terminated on her last actual day of work, July 15, 2005. (Docket No. 7 at 2).

The Plaintiff alleges that the Defendant's determination of her ineligibility under the plan is also related to that fact that she was granted Disability Insurance Benefits through the Social Security Administration starting on July 21, 2005. (Docket No. 1 at 2). Casterline claims the Hospital told her that because she was terminated on July 15, 2005, she was not an employee at the time of the Social Security Administration's total disability determination, and therefore ineligible for disability retirement benefits under the Hospital's Retirement Plan. (Docket No. 1 at 3). In her Complaint, Casterline alleges that the Hospital misrepresented that it would honor her agreed resignation date of July 21, 2005, and therefore breached the Settlement Agreement contract by disputing her resignation date and denying her disability retirement benefits. (Docket No. 1 at 4). Plaintiff also claims that she relied upon the resignation date of July 21, 2005 to her detriment when she attempted to establish disability retirement benefits under the Retirement Plan. (Docket No. 1 at 4).

---

[2] The Settlement and Release Agreement signed by Casterline is dated July 21, 2005 and states that "Casterline hereby resigns her employment with TWH . . . ." (Docket No. 1, Ex. F).

3

## III. DISCUSSION

### A. Standard of Review

A complaint may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Ehrheart v. Verizon Wireless*, Civil Action No. 07-1165, 2008 U.S. Dist. LEXIS 73416, at *3 n. 1 (W.D. Pa. Sept. 25, 2008)(citing *Bell Atlantic Corp. v. Twombly*, – U.S.–, 127 S.Ct. 1955 (May 21, 2007)). A claim for relief under Federal Rule of Civil Procedure 8(a)(2) "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 127 S.Ct. at 1965. A plaintiff must aver sufficient factual allegations in order "to raise a right to relief above the speculative level." *Ayers v. Osram Slyvania, Inc.*, Civil Action No. 07-1780, 2008 U.S. Dist. LEXIS 72644, at *6 (M.D. Pa. Sept. 24, 2008) (citing *Twombly*, 127 S.Ct. at 1965). In considering a Rule 12(b)(6) motion, a court must view all of the plaintiff's allegations as true and construe all inferences in the light most favorable to the non-moving party. *Umland v. Planco Fin. Servs.*, Civil Action No. 06-4688, 2008 U.S. App. LEXIS 19225, at *10 (3d Cir. Sept. 9, 2008) (citing *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006)). A court is not required to consider legal conclusions, rather, it should determine whether the plaintiff should be permitted to offer evidence in support of the allegations. *Maio v. Aetna*, 221 F.3d 472, 482 (3d Cir. 2000).

### B. Preemption under ERISA § 514(a)

Section 514(a) of ERISA states: "the provisions of this subchapter . . . shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described

in section 1003(a) of this title . . . ." 29 U.S.C. § 1144(a) (2006). The United States Supreme Court noted in *Aetna Health Inc. v. Davila* that this section was "intended to ensure that employee benefit plan regulation would be 'exclusively a federal concern.'" *Aetna Health Inc. v. Davila*, 542 U.S. 200, 208 (2004) (quoting *Alessi v. Raybestos-Manhattan, Inc.*, 451 U.S. 504, 523 (1981)). Section 514(a) of ERISA supercedes any state law that "relates to" an ERISA plan. 29 U.S.C. § 1144(a) (2006); *see also Lazorko v. Pennsylvania Hosp.*, 237 F.3d 242, 248 (3d Cir. 2000). The United States Supreme Court has interpreted Section 514(a) to have a "broad common-sense meaning," and a state law will "relate to" an employee benefit plan if "it has a connection with or reference to such a plan . . . even if the law is not specifically designed to affect such plans, or the effect is only indirect." *Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 138 (1990).[3] In determining whether a state law claim in preempted by ERISA, the United States Court of Appeals for the Third Circuit has held that "some ordinary state law or common law claims may be asserted against an ERISA plan" but such suits escape preemption only where they "do not interfere with the essential role of an ERISA plan." *Kollman v. Hewitt Assocs., LLC*, 487 F.3d 139, 150 (3d Cir. 2007).

---

[3] The Plaintiff argues that under the United States Supreme Court's decision in *New York State Conf. of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.,* the preemptive scope of ERISA has been narrowed. 514 U.S. 645 (1995). (Docket No. 11 at 2). In that case, the Supreme Court noted that a court "must go beyond the unhelpful text and the frustrating difficulty of defining ["relates to"], and look instead to the objectives of the ERISA statute as a guide to the scope of the state law that Congress understood would survive." *Id.* at 657. However, the Court was careful to point out that "we do not hold today that ERISA pre-empts only direct regulation of ERISA plans, nor could we do that with fidelity to the views expressed in our prior opinions on the matter." *Id. at* 668.

## C. Breach of Contract and Fraudulent Misrepresentation Claims

Casterline argues her breach of contract claims are related to the Settlement Agreement irrespective of the Retirement Plan. (Docket No. 11 at 3). Similarly, she claims that the Hospital had a separate and distinct duty not to make fraudulent misrepresentations, apart from its fiduciary duties as the administrator of the Retirement Plan. (*Id.*) Whether the state law claims are preempted under § 514(a) depends on whether the claims relate to Washington Hospital's Retirement Plan. *Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 139 (U.S. 1990). Specifically, "ERISA preempts state causes of action where 'there simply is no cause of action if there is no plan.'" *Sciotto v. United States Healthcare Sys. of Pa., Inc.,* 2001 U.S. Dist. LEXIS 20103 (E.D. Pa. Dec. 5, 2001)(quoting *Ingersoll-Rand*, 498 U.S. at 140).

Casterline's breach of contract claim relates to the Retirement Plan because she would not have a claim if the plan did not exist. Casterline's claim for breach of the Settlement Agreement is based on the allegation that the Defendant failed to honor the parties' agreed upon termination date, and, as a result, she was subsequently denied disability retirement benefits under the Retirement Plan. In order for Casterline to prevail on her breach of contract claim, she must prove that damages resulted from the alleged breach.[4] The Settlement Agreement does not create rights to disability retirement benefits separate from those set forth in the Retirement Plan. (*See* Docket No. 1, Ex. F).

---

4

Under Pennsylvania law, "[a] party claiming breach of contract must establish '(1) the existence of a contract, including its essential terms, (2) a breach of a duty imposed by the contract and (3) resultant damages.'" *Ruthrauff, Inc. v. Ravin, Inc.*, 914 A.2d 880, 888 (Pa. Super. Ct. 2006)(quoting *Williams v. Nationwide Mut. Ins. Co.*, 750 A.2d 881, 884 (Pa. Super. 2000)).

Thus, an inquiry into Plaintiff's breach of contract claim would require this Court to examine specific provisions of the Retirement Plan; specifically, the Court would have to determine which type of "participant" Plaintiff is under the Plan. (*See* Docket No. 1, Ex. C). As such, the breach of contract claim relates to an ERISA plan, and is therefore preempted. *Ingersoll-Rand Co.*, 498 U.S. at 140. Furthermore, as the damages alleged in this case result from the Defendant's denial of benefits to the Plaintiff, the breach of contract action is preempted because claims for "denial of benefits, even when the claim is couched in terms of common law [] breach of contract, have been held to be preempted by § 514(a)." *Pryzbowski v. U.S. Healthcare, Inc.*, 245 F.3d 266, 278 (3d Cir. 2001).

Casterline's claim of fraudulent misrepresentation similarly fails. Casterline argues that the Hospital had a separate and distinct duty not to make fraudulent misrepresentations, apart from its fiduciary duties as the administrator of the Retirement Plan. (Docket No. 11 at 3). An inquiry into Casterline's claim of fraudulent misrepresentation would require this Court to examine the injuries she allegedly suffered as the result of the Hospital's denial of benefits under the Retirement Plan.[5] Again, the Settlement Agreement does not create rights to disability retirement benefits separate from those set forth in the Plan. As such, this Court would be required to examine specific

---

[5] Under Pennsylvania law, in a claim for fraudulent misrepresentation the plaintiff must establish the defendant made "(1) a representation; (2) which is material to the transaction at hand; (3) made falsely, with knowledge of its falsity or recklessness as to whether it is true or false; (4) with the intent of misleading another into relying on it; (5) justifiable reliance on the misrepresentation; and (6) resulting injury proximately caused by the reliance." *Porreco v. Porreco*, 811 A.2d 566, 570 (Pa. 2002).

provisions of the Plan; Plaintiff's claims for fraudulent misrepresentation are therefore preempted. *Ingersoll-Rand Co.*, 498 U.S. at 140. *See also Sysco Food Servs. of Metro N.Y., LLC v. Tramontana*, Civ. A. No. 06-2864, 2007 U.S. Dist. LEXIS 85705 (D.N.J. 2007)(fraudulent misrepresentation claim preempted where an analysis of the claim would have required the court to analyze the parties' rights and obligations under an ERISA plan).

### IV. CONCLUSION

In short, Casterline has brought these state law claims because she was denied disability retirement benefits under the ERISA-governed Retirement Plan. An analysis of Plaintiff's state law claims "would necessarily require [this] [C]ourt to consider the Plan in detail in order to properly address [Casterline's] arguments outside the mechanism prescribed by ERISA. Such an outcome is precisely what Congress sought to avoid in developing a nationwide scheme for ERISA plans." *Kollman v. Hewitt Assocs., LLC*, 487 F.3d 139, 150 (3d Cir. 2007)(citing 29 U.S.C. § 1144(a)). Accordingly, Casterline's state law claims are preempted and the Court **GRANTS** Defendant's Motion to Dismiss [6] Count II of the Complaint. An appropriate Order follows.

*s/ Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Dated: October 9, 2008.
cc: All counsel of record.